UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: 
PLAINTIFF FUNDING HOLDING, LLC D/B/A :
LAWCASH, :
: No. 1:22-cv-04094
Plaintiff, :
: **STIPULATED**
- against - : **PROTECTIVE ORDER**
:
BLUE OCEAN PARTNERS LLC D/B/A :
PLAINTIFF SUPPORT SERVICES, DEAN :
CHASE, and JOSEPH DINARDO, :
:
Defendants. :
------------------------------------------------------------------- x

**HON. KATHERINE POLK FAILLA, United States District Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties (the "Parties," and each, a "Party") to this action (the "Action"), their attorneys, representatives, agents, experts and consultants, acting as such, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (a "Receiving Party") (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" (in either case, "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. No Party shall use Discovery Material produced by another Party or non-party for any purpose other than this action.

3. Any Party or non-party (a "Designating Party") may designate as "Confidential" any Discovery Material that the Designating Party reasonably and in good faith believes constitutes or reveals confidential or proprietary information, or confidential personal or customer information.

4. A Designating Party may designate as "Attorneys' Eyes Only" any Discovery Material that the Designating Party reasonably and in good faith believes constitutes or reveals (i) trade secrets or other confidential information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Designating Party or its personnel, clients or customers; or (ii) material that a Designating Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated "Confidential."

5. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony shall presumptively be treated as Confidential Discovery Information and subject to this Order during the deposition and for a period of fifteen (15) days of receipt of the final transcript. At or before the end of such fifteen-day period, including on the record during the deposition, the deposition shall be classified appropriately.

6. Extracts and summaries of Confidential Discovery Material shall also be treated as confidential in accordance with the provisions of this Order.

7. Each person who has access to Confidential Discovery Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If at any time prior to the trial of this action, a party producing Discovery Material ("Producing Party") realizes that Discovery Material that that Producing Party previously produced without being designated as "Confidential" or "Attorneys' Eyes Only" should be so designated, the Producing Party may designate such Discovery Material as "Confidential" or "Attorneys' Eyes Only" by promptly notifying all parties in writing. Such Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only (as the case may be) under the terms of this Order. In addition, the Producing Party shall provide the other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

8. The production or disclosure of Confidential Discovery Material shall in no way constitute a waiver of the Producing Party's right to object to the production or disclosure of other information in this action or in any other action.

**Who May Receive Confidential Materials**

9. No person subject to this Order, other than the Designating Party, shall disclose any Confidential Discovery Material to any other person, except to:

    (a) the parties to this action;

    (b) outside counsel of record for the parties, including any person employed by such counsel and assigned specifically to work on this action;

    (c) as to any document, its author, its addressee, its custodian, and any other person shown on the face of the document or in the metadata as having received a copy;

 (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

 (e) any person retained by a party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

 (f) stenographers and video technicians and their assistants engaged to transcribe or record depositions conducted in this action;

 (g) independent photocopying, graphic production services, or other litigation support and forensic services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system and their employees and subcontractors, but only after such persons have completed the Non-Disclosure Agreement attached hereto and agree to be bound by its terms;

 (h) the Court and its staff; and

 (i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

 10. Notwithstanding the foregoing paragraph, no person subject to this Order, other than the Designating Party, shall disclose any Discovery Material that has been designated as "Attorneys' Eyes Only" to any other person, except to:

 (a) outside counsel of record for the parties, including any person employed by such counsel and assigned specifically to work on this action;

  (b)  in-house attorneys and paralegals employed by plaintiff who are involved in conducting this litigation;

  (c)  as to any document, its author, its addressee, its custodian, and any other person shown on the face of the document or in the metadata as having received a copy;

  (d)  any person retained by a party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to outside counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

  (e)  stenographers and video technicians and their assistants engaged to transcribe or record depositions conducted in this action;

  (f)  independent photocopying, graphic production services, or other litigation support and forensic services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system and their employees and subcontractors, but only after such persons have completed the Non-Disclosure Agreement attached hereto and agree to be bound by its terms;

  (g)  the Court and its staff; and

  (h)  any other person whom the Designating Party agrees in writing may have access to such Discovery Material.

  11.  Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(e), 9(g), 9(i), 10(d), 10(e), 10(g) or 10(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order

and agrees to be bound by its terms. Counsel for the Party making the disclosure to any person referred to in subparagraphs 9(d), 9(e), 9(g), 9(i), 10(d), 10(e), 10(g) or 10(i) shall retain each signed Non-Disclosure Agreement and, upon request by opposing counsel, produce a copy of it prior to such person being permitted to testify at deposition or trial.

**Challenging Confidentiality Designations**

12. Any person who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon the Designating Party and all other parties a written notice identifying by Bates number all documents that are the subject of the notice or describing with particularity any other Discovery Material that is the subject of the notice, and stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

13. Any person who requests further limits on disclosure may at any time prior to the trial of this action serve upon the Producing Party and all other parties a written notice identifying by Bates number all documents that are the subject of the notice or describing with particularity any other Discovery Material that is the subject of the notice, and stating with particularity the grounds for the request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

14. Nothing in this Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential.

**Filing Confidential Materials in this Action**

15. The parties shall follow Part 9 of Judge Failla's Individual Rules and Practices in Civil Cases with respect to pretrial requests for filing under seal.

**Non-Waiver of Privilege**

16. The parties agree that they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection. If, nevertheless, a Producing Party inadvertently discloses privileged or work product information to a Receiving Party ("Non-Discoverable Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that party (the "Disclosing Party").

17. If, in connection with this litigation, the Disclosing Party discovers that it has disclosed Non-Discoverable Information, it shall, as soon as practicable after learning that such information was produced, notify the Receiving Party in writing of the disclosure and identify all such Non-Discoverable Information. Upon notice of a claim of disclosure of Non-Discoverable Information, a Receiving Party may promptly present the Non-Discoverable Information to the Court under seal for a determination of the claim. The Disclosing Party must preserve the Inadvertently Disclosed Information until the claim is resolved.

18. If the claim of inadvertent disclosure is not challenged, or, if the Court rules in favor of the Disclosing Party on the claim, then the Receiving Party shall, within 14 days of receipt of notice or resolution, return, destroy, sequester, or delete all copies of the Non-Discoverable Information as described in Exhibit A, along with any notes, abstracts or compilations if the content thereof, and provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted.

19. The Receiving Party shall not use, disclose, or disseminate the Non-Discoverable Information in any way (including, but not limited to, using the information at depositions or trial), and must take reasonable steps to retrieve the Non-Discoverable Information if it was disseminated by the Receiving Party prior to such notification.

20. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Discoverable Information under this Order. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

**Disclosure of Confidential Discovery Material Pursuant to Order of Another Court**

22. If a Receiving Party is called upon to produce Confidential Discovery Material in order to comply with a court order, subpoena, or the direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Discovery Material is sought shall (a) notify the Designating Party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order, and (b) give the Designating Party five (5) business days to object to the production of such Confidential Discovery Material, if the Designating Party so desires. Such notification must include a copy of the subpoena, order or request, unless otherwise protected from disclosure. The Receiving Party from which the Confidential Discovery Material is sought shall promptly inform the party that issued the subpoena, order or request in writing that some or all of the material covered by the subpoena, order or request is the subject of this Order and deliver a copy of this Order. The

purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Discovery Material, including without limitation to attempt to prevent its disclosure. The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Discovery Material, and nothing in these provisions should be construed as requiring, authorizing or encouraging a Receiving Party in this action to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Discovery Material of the other parties.

**Termination of the Litigation**

23. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including settlement or exhaustion of all appeals, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the Producing Party, or, at the option of the Receiving Party, destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have bene destroyed to the best of its knowledge. Notwithstanding anything to the contrary herein, counsel of record for the parties may retain Confidential Discovery Material constituting, containing, or incorporated in work product, e-mail, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.  This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. In addition, notwithstanding anything to the contrary herein, a recipient may retain any Confidential

Discovery Material that it is required to retain by any governmental agency or regulatory authority.

24. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
October 3, 2022

| FRIEDMAN KAPLAN SEILER & ADELMAN LLP | HODGSON RUSS LLP |
|---|---|
| */s/ Geoffrey Cajigas* | */s/ James J. Zawodzinkski, Jr.* |
| Eric Seiler (eseiler@fklaw.com) | Jodyann Galvin (jgalvin@hodgsonruss.com) |
| Geoffrey Cajigas (gcajigas@fklaw.com) | James J. Zawodzinski, Jr. (jzawodzi@fklaw.com) |
| 7 Times Square | 140 Pearl Street, Suite 100 |
| New York, NY 10036-6516 | Buffalo, NY 14202 |
| (212) 833-1100 | (716) 856-4000 |
| *Attorneys for Plaintiff Funding Holding, LLC d/b/a LawCash* | *Attorneys for Defendants Blue Ocean Partners, LLC d/b/a Plaintiff Support Services and Joseph DiNardo* |

WOODS OVIATT GILMAN LLP

*/s/ Brian D. Gwitt*
Brian D. Gwitt (bgwitt@woodsoviatt.com)
1900 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 248-3200

*Attorneys for Defendant Dean Chase*

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:    October 3, 2022              SO ORDERED.
          New York, New York

                                       *[signature: Katherine Polk Failla]*

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
:
PLAINTIFF FUNDING HOLDING, LLC D/B/A :
LAWCASH, :
: No. 1:22-cv-4094
:
        Plaintiff, :
: **NON-DISCLOSURE AGREEMENT**
  - against - :
:
BLUE OCEAN PARTNERS LLC D/B/A :
PLAINTIFF SUPPORT SERVICES, DEAN :
CHASE, and JOSEPH DINARDO, :
        Defendants. :
------------------------------------------------------------------- x

    I,_____[print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions or items of Discovery Material that have been designated as "Confidential" or "Attorneys' Eyes Only." I agree that I will not use such Confidential Discovery Material or disclose it to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or, at my option or the instruction of such party or attorney, destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____              _____
                                 [Signature]

# EXHIBIT A

## CLAWBACK PROCEDURE

Any party seeking to recall Non-Discoverable Information shall follow the following procedure to ensure all copies of such Non-Discoverable Information is appropriately removed from the Receiving Party's system:

(a)  Locate each recalled Non-Discoverable Information in the document review/production database and delete the record/s from the database;

(b)  If there is a native file link to the recalled Non-Discoverable Information, remove the native file from the network path;

(c)  If the database has an image load file, locate the Non-Discoverable Information loaded into the viewing software and delete the image file(s) corresponding to the recalled Non-Discoverable Information;

(d)  Apply the same process to any additional copies of the Non-Discoverable Information or database, where possible;

(e)  Locate and destroy all other copies of the Non-Discoverable Information, whether in electronic or hardcopy form. To the extent that copies of the Non-Discoverable Information are contained on write-protected media, such as CDs or DVDs, these media shall be discarded, with the exception of production media received from the recalling party, which shall be treated as described under subparagraph (f);

(f) If the Non-Discoverable Information was produced in a write-protected format, the party seeking to recall the Non-Discoverable Information shall, at its election, either (i) provide a replacement copy of the relevant production from which the document has been removed, in which case the Receiving Party shall discard the original production media; or (ii) allow the Receiving Party to retain the original production media, in which case the Receiving Party shall take steps to ensure that the recalled Non-Discoverable will not be used;

(g) Provide a replacement load file without the lines related to the recalled Non-Discoverable Information; and

(h) Confirm that the recall of Non-Discoverable Information under this procedure is complete by way of letter to the party seeking to recall the Non-Discoverable Information.