

GEOFFREY CAJIGAS
gcajigas@fklaw.com
212.833.1187

March 29, 2023

**BY EMAIL AND ECF**

Honorable Katherine Polk Failla
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re: <u>Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC, et al.</u>
<u>Civil No.: 1:22-cv-04094</u>

Dear Judge Failla:

This firm represents Plaintiff Funding Holding LLC d/b/a LawCash ("<u>LawCash</u>") in the above-captioned action. Pursuant to the Court's Order of March 23, 2023 (ECF No. 65), we write jointly with Defendant Joseph DiNardo and counsel for Defendant Dean Chase to address the recent bankruptcy filing of Defendant Blue Ocean Partners LLC d/b/a Plaintiff Support ("<u>PSS</u>").

**<u>LawCash's Position</u>**

During the telephonic conference with the Court on February 24, Mr. DiNardo represented that he would be *personally* filing for bankruptcy the week of March 6. A legitimate bankruptcy filing by Mr. DiNardo would potentially stay the case as to him, but he still has not filed, even though another month has passed, and he has had plenty of time to file.

PSS's bankruptcy filing, however, does *not* stay this action as to either Mr. DiNardo or Mr. Chase. By its terms, the Bankruptcy Code's automatic stay provision applies only to debtors, property of the debtor, or property of the estate, and does not apply to stay proceedings against non-debtors. *See* 11 U.S.C. § 362(a). Thus, "[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). The Second Circuit has held that "the automatic stay can apply to non-debtors, but … only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (automatic stay applied to non-debtor where the debtor was the guarantor on the non-debtor's obligations under the claim).

Hon. Katherine Polk Failla — - 2 - — March 29, 2023

Here, LawCash has filed separate claims against Mr. DiNardo and Mr. Chase for their independent misconduct, and they cannot show that LawCash's claims against them would have any immediate adverse economic consequence for PSS's estate. Thus, PSS's bankruptcy filing does not stay this case as to either of them. Accordingly, Mr. DiNardo should be required to respond to LawCash's recent discovery requests and its motion to compel. Moreover, the Court may resolve Mr. DiNardo's and Mr. Chase's motions to dismiss, which are fully briefed.

We further note that PSS's bankruptcy filing was deficient because it did not include documentation reflecting its assets and liabilities. *See* Notification of Case Opening Deficiency and/or Procedure Errors, 1-23-10245-(CLB) (ECF No. 4), annexed hereto as Exhibit A. PSS and Mr. DiNardo's delays in filing for bankruptcy are the latest in a long string of actions by which they have denied LawCash its contractual rights and injured its consumer funding business.

Mr. DiNardo states that he would be entitled to indemnification under PSS's Operating Agreement for any judgment issued against him in this action, but he fails to attach the agreement or cite any provision to that effect. Moreover, *Bayview Loan Servicing LLC v. Fogarty*, 39 F.4th 62, 72 (2d Cir. 2022), cited by Mr. DiNardo, is inapposite because it does not address whether a debtor's bankruptcy filing stayed an action as to its non-debtor codefendants. Finally, Mr. Chase is incorrect that a Bankruptcy Court ruling in favor of PSS as to LawCash's claims would mean there was no basis for the claims asserted against him. LawCash has asserted a claim against Mr. Chase for tortious interference with prospective economic advantage, and that claim would stand on its own, regardless of the disposition of LawCash's claims against PSS.

**Mr. DiNardo's Position**

DiNardo notes that Law Cash's description of the bankruptcy filing by Blue Ocean Partners LLC, d/b/a Plaintiff Support Services ("PSS") as being "deficient" is both factually and legally incorrect. Bankruptcy Rule 1007 provides that the Schedules of Assets and Liabilities to which Law Cash refers are to be filed "with the petition or within 14 days thereafter".… Having filed its case on March 23, 2023, Blue Ocean is continuing to assemble the information required for those documents and has until April 6, 2023 to file them.

As to the Court's inquiry as to the effects of the automatic stay in the PSS bankruptcy case on this action, the Second Circuit has held that "so long as the debtor is a named party in a proceeding or action, the automatic stay applies to the continuation of that proceeding…." *Bayview Loan Servicing LLC v. Fogarty (In re Fogarty),* 39 F.4th 62, 72 (2nd Cir. 2022). Because PSS continues to be a party to this case, this action is currently stayed as to all parties.

Even if PSS were to cease to be a party to this case, however, the Second Circuit has held that the automatic stay also stays actions against certain non-debtors "when a

Hon. Katherine Polk Failla                - 3 -                     March 29, 2023

claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate", such as where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant. . . ." *Queenie, Ltd.* v. *Nygard Int'l*, 321 F.3d 282, 287-88 (2nd Cir. 2003), *quoting A.H. Robins Co.* v. *Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

        All actions which have been taken by DiNardo relating to LawCash have been taken solely in his capacity as the Managing Member of PSS. As described in LawCash's Complaint, it is through the alleged actions of DiNardo that PSS itself is alleged to have breached its Agreement with LawCash. Because the alleged actions of DiNardo are also the alleged actions of PSS, there is such identity between DiNardo and PSS that this Court should find that further litigation of LawCash's claims against DiNardo is barred by the automatic stay in PSS's bankruptcy case. Additionally, because DiNardo, in his capacity as Managing Member of PSS, would be entitled to indemnification from PSS under the PSS Operating Agreement for any judgment entered against him in this action, allowing this litigation to continue against DiNardo could have an immediate adverse economic consequence for PSS's bankruptcy estate and it should be stayed, as to DiNardo. *See A.H. Robbins*, *supra,* 788 F.2d at 1001-1002.

        To the extent that LawCash suggests that it seeks to continue to pursue discovery against DiNardo, individually, it is submitted that LawCash is actually seeking to continue to pursue discovery about PSS from DiNardo in his capacity as Managing Member of PSS. Topics at an FRCP Rule 30(b)(6) deposition of PSS would be identical to a personal deposition of DiNardo. For example, although DiNardo was not and is not a party to any Agreement between Law Cash and PSS, all of LawCash's proposed Document Requests to DiNardo and PSS (ECF Dkt. 63, at Ex. A) seek discovery about PSS's operations, assets and funding opportunities. PSS is no longer operating and LawCash will have the opportunity to ask DiNardo questions about PSS, in his capacity as Managing Member of PSS, in the near future in connection with the PSS Chapter 7 bankruptcy case. LawCash has not suggested any reason why that proceeding is not a more appropriate venue for such questions about PSS.

        As previously indicated to the Court, DiNardo is himself in the process of preparing to file a Chapter 11 bankruptcy reorganization case. In addition to PSS, DiNardo is involved in the ownership and operation of several other businesses, at least one of which will be filing for Chapter 11 contemporaneously with DiNardo. DiNardo is engaged in discussions and negotiations with secured creditors and other creditors of those businesses regarding their operations after the time of his Chapter 11 filing, which he anticipates will be filed in the coming weeks. Should this Court not find that this action is stayed as to DiNardo by the automatic stay in PSS's bankruptcy, this action will be stayed as to DiNardo by his personal bankruptcy filing.

Hon. Katherine Polk Failla        - 4 -        March 29, 2023

**Mr. Chase's Position**

As noted, PSS filed a Chapter 7 bankruptcy case on March 23, 2023, in the United States Bankruptcy Court for the Western District of New York. At its heart, this is a breach of contract action by LawCash against PSS. LawCash's complaint also asserts almost identical causes of action against Messrs. DiNardo and Chase based on tortious interference with contract and tortious interference with prospective economic advantage. Mr. Chase filed a motion to dismiss Counts IV and V of the complaint because (a) he is alleged to be an officer of PSS, and it is fundamental New York law that there can be no tortious interference claims against another contracting party, and (b) that an entity such as PSS can only act through its officers and agents.

The nature of the sham individual causes of action is critical. There is no doubt that PSS, as the contracting party, is the real party in interest. LawCash's claims against the alleged officers of PSS seek to bolster LawCash's claim against the actual contracting party, PSS. It is precisely because Mr. Chase allegedly acted solely as agent on behalf of PSS in furthering PSS's interests that the automatic stay under 11 U.S.C. § 362(a), which usually applies only to a debtor, may also apply to a non-debtor Mr. Chase. This is particularly apt where Mr. Chase, as alleged agent, has a claim for common law indemnification or exoneration against his principal, PSS. New York Limited Liability Company Law § 202.

In *Joyner v. City Carter Leasing Inc.*, 211 A.D.3d 406 (1st Dep't 2022), the First Department held that though one defendant had filed a bankruptcy petition years earlier, the supreme court properly voided later proceedings against the corporate defendant because "an exception [to limiting the automatic stay to debtors] is recognized when the bankruptcy defendant is obligated to indemnify a nonbankrupt one." 211 A.D.3d at 407, citing *Branham v. Loews Orpheum Theater*, 291 A.D.2d 356 (1st Dep't 2002). *Branham*, in turn, cited as authority, A.*H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1996), which held that the reach of the automatic stay can extend to non-debtors:

> when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.

Here, the claims asserted against Mr. Chase are premised on the contract between LawCash and PSS, and the pending action without the presence of PSS would harm the economic interests of PSS. Additionally, pursuit of claims against Mr. Chase here might subject him to disparate results. If the Bankruptcy Court rules in favor of PSS on LawCash's claims, there is no basis for the claims asserted against Mr. Chase. Yet, that ruling might come after the claims against Mr. Chase are determined here.

Hon. Katherine Polk Failla - 5 - March 29, 2023

      Thus, the automatic stay extends to Mr. Chase.  If not, because there are no viable claims against Mr. Chase in his individual capacity, his motion to dismiss should be granted.

      Respectfully submitted,

*s/Geoffrey Cajigas*         */s Joseph DiNardo*
Geoffrey Cajigas        Joseph DiNardo
FRIEDMAN KAPLAN SEILER
   ADELMAN & ROBBINS LLP
7 Times Square
New York, NY  10036-6516
(212) 833-1100

*Counsel for Plaintiff Funding Holding LLC d/b/a LawCash*

By:   *s/Brian D. Gwitt*
Brian D. Gwitt
WOODS OVAITT GILMAN LLP
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3213
bgwitt@woodsoviatt.com
*Attorneys for Defendant Dean Chase*

cc:  All counsel of record (by ECF)

The Court is in receipt of the parties' above joint letter, discussing the implications of Defendant Blue Ocean Partners LLC's filing for bankruptcy. (Dkt. #66).  As is evident from the parties' positions, there is no agreement on whether this case should be stayed in its entirety.  Because Defendant Joseph DiNardo continues to indicate that he will file for personal bankruptcy, which would clearly invoke the automatic stay's provisions as to him, the Court will not resolve the parties' instant dispute at this time. However, this issue has been percolating for quite some time, and the Court does not appreciate DiNardo's continued failures to file for personal bankruptcy despite his representations to the Court.  Accordingly, DiNardo is **ORDERED** to submit a letter by **April 10, 2023**, indicating that he has filed for personal bankruptcy.  To the extent that both DiNardo and Chase assert that they may be entitled to indemnification from Defendant Blue Ocean Partners in the event of their liability, both DiNardo and Chase are **ORDERED** to submit to the Court by **April 10, 2023**, any agreements spelling out such indemnification rights for this Court's *in camera* review.

Turning to the issue of discovery from DiNardo, the Court largely agrees with DiNardo's position.  Having reviewed Plaintiff's requests, the documents and testimony are plainly concerned only with Defendant Blue Ocean Partners's dealings, not those of DiNardo.  (*See, e.g.*, Dkt. #63-1 Requests ¶¶ 1-3 (requesting production of documents solely related to Blue Ocean Partners)). Because the proceedings against Blue Ocean Partners are now stayed, the Court will not order Plaintiff's requested discovery.

Finally, as it relates to purported deficiencies associated with Blue Ocean Partners's filing for bankruptcy, at present the Court does not have reason to doubt that DiNardo is afforded time to submit the requisite documentation. Should Blue Ocean Partners still be deemed deficient on April 10, 2023, Plaintiff may apprise the Court.

The Clerk of Court is directed to terminate the pending motion at docket entry 63.

Dated:     March 30, 2023            SO ORDERED.
           New York, New York

                                     *Katherine Polk Failla*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE