UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAINTIFF FUNDING HOLDING, LLC *d/b/a*
LAWCASH,

                      Plaintiff,

                      -v.-

BLUE OCEAN PARTNERS LLC *d/b/a* PLAINTIFF
SUPPORT SERVICES, DEAN CHASE, and JOSEPH
DINARDO,

                      Defendants.

22 Civ. 4094 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Defendant Dean Chase's letter arguing in favor
of extension of the automatic bankruptcy stay to him, a non-debtor (Dkt. #68),
as well as Plaintiff's opposition (Dkt. #72).  As the parties are aware, this case
is currently stayed as to Defendants Blue Ocean Partners LLC and Joseph
DiNardo, as both Defendants have filed for bankruptcy.  (Dkt. #64, 69).

Defendant Chase's argument in favor of extending the automatic
bankruptcy stay to him is premised on the effects that continuing this action
against him may have on Blue Ocean Partners LLC.  Principally, Chase argues
that because "[a]ny claim against" him" is based on the obligation of [Blue
Ocean Partners LCC,]" he is "entitled to be subrogated, indemnified and/or
exonerated by [Blue Ocean Partners LLC] for any obligation he incurs solely by
his alleged status as an officer of" that entity.  (Dkt. #68 at 1).  Essentially, he
argues that because any claim against him implicates Blue Ocean, the action
should not proceed without that entity's participation.  Plaintiff rebuffs this

suggestion, by arguing that it is seeking to "hold [Chase] accountable for his own tortious conduct that harmed both [Plaintiff] and [Blue Ocean Partners LLC,]" and thus Blue Ocean Partners LLC would not have to indemnify Chase for any separate damages.  (Dkt. #72 at 2).

The plain language of Section 362(a)(1) of the bankruptcy code limits the extension of an automatic stay to a "proceeding against the debtor," *see* 11 U.S.C. § 362(a)(1); *CAE Indus. Ltd.* v. *Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y.1990), and courts will generally not extend the automatic stay of proceedings pursuant to Section 362(a)(1) to non-debtor co-defendants, *see Teachers Ins. & Annuity Ass'n of Am.* v. *Butler*, 803 F.2d 61, 65-66 (2d Cir. 1986) (denying the stay in proceedings for non-debtor general partners); *CAE Indus. Ltd.*, 116 B.R. at 32 (collecting cases where extensions were denied to non-debtor co-defendants).  In "unusual situations," however, "a court may extend the automatic stay to non-bankrupt co-defendants of the debtor." *Variable-Parameter Fixture Dev. Corp.* v. *Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) (analyzing *A.H. Robins Co.* v. *Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (holding that in "unusual situations" a court is empowered to extend the automatic stay to non-debtor co-defendants)).  "Unusual" circumstances that justify staying an action against non-debtor officers and principals of a debtor corporation include when failure to extend the stay would pose "a serious threat to the debtors' reorganization efforts," *Gray* v. *Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999), or "when the debtor and non-debtor are 'so bound by statute or contract that the liability of the non-debtor is imputed to

2

the debtor by operation of law,'" *Variable-Parameter*, 945 F. Supp. at 608. "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon ... reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *Gray*, 230 B.R. at 243 (quoting *CAE Indus. Ltd.*, 116 B.R. at 34); *see also Queenie, Ltd.* v. *Nygard*, 321 F.3d 282, 288 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.").

The Court does not agree with Defendant Chase's proffered reason for extending the automatic stay to him. Courts in this Circuit have rejected appeals to possible indemnification rights where "there is nothing in the record to suggest that any of the non-bankrupt [d]efendants would be entitled to absolute indemnity, only that they might elect to pursue indemnification or contribution in the event of an unfavorable result here." *N.J. Carpenters Health Fund* v. *Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016) (collecting cases). Here, Chase cites to and explains certain common law doctrines of indemnification and subrogation, but does not meaningfully explain how Blue Ocean Partners LLC would actually be on the hook for the tort claims brought against him.

However, other factors present in this case counsel in favor of extension of the automatic stay. Specifically, there is a colorable risk that this proceeding will later be enjoined by the bankruptcy court under Section 105(a), which allows injunctions where claims "threaten to thwart or frustrate the

debtor's reorganization efforts" or "when the claims against them and the claims against the debtor are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding." *In re The 1031 Tax Grp., LLC*, 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008) (internal citations and quotation marks omitted) (collecting cases).

Here, the claims brought against the debtors on the one hand, including DiNardo and Blue Ocean Partners LLC, and Chase on the other hand, share a similar factual nexus and are closely related in several respects. For example, in response to DiNardo's and Chase's separate motions to dismiss the claims brought against them, Plaintiff submitted a consolidated opposition, jointly addressing the arguments made by "Defendants." (*See, e.g.*, Dkt. #49 at 9-10 ("DiNardo, as [Blue Ocean's] principal, and Chase, before and after joining [Blue Ocean], personally induced [it] to shirk its obligations and breach its contractual commitments."); 14 ("[Plaintiff] has adequately alleged that Defendants directed and caused [Blue Ocean's breaches[.]"); 16 ("[Plaintiff] has pled claims against Defendants for tortious interference with prospective economic advantage[.]")). Plaintiff's opposition to DiNardo's and Chase's motions hardly seeks to differentiate between both parties, one of whom is a debtor and one of whom is not. More to the point, Plaintiff has not been perfectly clear which claims the Court can and should adjudicate notwithstanding the bankruptcy filings, and which claims it should not. For example, in the parties' joint letter, Plaintiff notes that it "has asserted a claim against Mr. Chase for tortious interference with prospective economic

4

advantage, and that claim would stand on its own[.]" (Dkt. #66 at 2). But in its latest letter, Plaintiff argues in favor of resolving the tortious interference with contract claim against Chase. (Dkt. #72 at 2). In any event, resolving the present motion dangerously approaches claims that are inextricably intertwined with those brought against the debtors, including breach of contract against Blue Ocean, and identical tort claims brought against DiNardo. In sum, whether the automatic stay should be extended to Chase is a close call.

At a minimum, "[w]here the automatic stay does not apply, a court may still invoke its discretionary authority to stay the proceedings against [non-bankrupt co-defendants], but [t]he proponent of the stay bears the burden of demonstrating that such a stay is justified." *MBE Capital Partners LLC* v. *AVPOL Int'l LLC*, No. 17 Civ. 5992 (PGG), 2019 WL 568587, at *3 (S.D.N.Y. Feb. 11, 2019) (quoting *Lightbody* v. *Girlie's Ambulette Serv. Inc.*, No. 09 Civ. 5493 (ILG), 2010 WL 3417844, at *2 (E.D.N.Y. Aug. 27, 2010) (internal quotation marks and citation omitted)). "Courts generally consider five factors in determining whether to stay a proceeding, including: [i] the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; [ii] the private interests of and burden on the defendants; [iii] the interests of the courts; [iv] the interests of persons not parties to the civil litigation; and [v] the public interest." *Fagan* v. *Republic of Austria*, No. 08 Civ. 6715 (LTS) (JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009).

Although Chase has not argued for a discretionary stay, the Court believes that his arguments and the facts of this case warrant a temporary stay while the bankruptcy proceedings get underway.  As noted above, given the factual nexuses between the claims brought against DiNardo and Chase, as well as Chase's relationship to Blue Ocean, it is quite possible that the bankruptcy court will weigh in and seek to extend the automatic stay or enjoin this case from proceeding.  *See, e.g.*, *Pavers & Rd. Builders Dist. Council Welfare Fund* v. *Core Contracting of N.Y., LLC*, 536 B.R. 48, 52 (E.D.N.Y. 2015) (declining to extend automatic stay to non-debtors, but recognizing that the bankruptcy court may take certain actions to extend the automatic stay or enjoin the action if the bankruptcy court makes certain findings).

Because the Court is cognizant of the interests that the debtors may have in resolution of factually similar claims brought against Chase, the Court believes that it is in the interests of judicial economy and the courts to allow the bankruptcies to get off the ground before resolving the pending motion to dismiss.  This is not to say that Plaintiff has no interest in moving this case forward, and the Court is aware that certain events in this case have unfortunately caused delay.  But the Court believes that a temporary stay is warranted in order to protect the debtors and to not run afoul of bedrock principles of bankruptcy law.  *See, e.g.*, *Chord Assocs. LLC* v. *Protech 2003-D, LLC*, No. 07 Civ. 5138 (JFB) (AKT), 2010 WL 1257874, at *13 (E.D.N.Y. Mar. 25, 2010) (declining to extend automatic stay but extending discretionary stay to give "debtors the six month 'breathing room' period which counsel

6

sought" given arguments that claims against debtors and non-debtors were "undifferentiated" among other factors).

Accordingly, the Clerk of Court is directed to **STAY** this case.  This discretionary stay will last for six months, and the Court will lift the stay on **October 18, 2023**, should the bankruptcy court take no action or should developments in the bankruptcy proceedings not justify extension of the automatic stay to Chase.  Chase and Plaintiff are directed to file a joint letter on or before that date apprising the Court of the status of the bankruptcy proceedings.

SO ORDERED.

Dated:   April 18, 2023
             New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge