

*1900 Bausch & Lomb Place*  
*Rochester, New York 14604*  
*P 585.987.2800*  
*F 585.454.3968*

*1900 Main Place Tower*  
*Buffalo, New York 14202*  
*P 716.248.3200*  
*F 716.854.5100*

*Writer's Direct Dial Number: 716.248.3213*  
*Writer's Direct Fax Number: 716.248.3313*  
*Email: bgwitt@woodsoviatt.com*

November 22, 2024

**VIA NYSCEF AND**
**E-MAIL TO:** Failla_NYSDChambers@nysd.uscourts.gov

Honorable Katherine Polk Failla  
United States District Court, Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007



      **Re:** ***Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC, et al.***  
           **Civil No.: 1:22-cv-04094**

Dear Judge Failla:

    We represent Defendant, Dean Chase. We received the letter from Plaintiff's counsel dated November 20, 2024, and, pursuant to Rule 2(c)(ii) of the Court's Individual Rules of Practice, write in response.

    Plaintiff has one remaining claim against Mr. Chase sounding in tortious interference with contract. Plaintiff contends that Mr. Chase caused Defendant, Joseph DiNardo, to terminate the Origination and Services Agreement ("Agreement") entered between Plaintiff and Defendant, Blue Ocean Partners LLC, d/b/a Plaintiff Support Services ("PSS").

    Discovery evidences that the claim against Mr. Chase lacks merit. Mr. Chase did <u>not</u> cause Mr. DiNardo to terminate the Agreement and did <u>not</u> divert funding opportunities away from Plaintiff. In fact, discovery shows that Mr. DiNardo did <u>not</u> terminate the Agreement. Rather, even after the March 28, 2022 e-mail (discussed below), PSS continued to submit Funding Opportunities to Plaintiff. It was Plaintiff who decided to cease funding PSS, and the lack of funding terminated the Agreement.

    Plaintiff's theory of the case rests on a single e-mail dated March 28, 2022, sent by Mr. DiNardo to Plaintiff. <u>First</u>, Mr. Chase did <u>not</u> draft the e-mail. <u>Second</u>, Plaintiff contends that the e-mail shows how Mr. Chase caused Mr. DiNardo to terminate the Agreement. Rather, the e-mail shows that Mr. DiNardo sought to renegotiate the terms of the Agreement. Again, he did <u>not</u> terminate the Agreement.

{9718873: }

Honorable Katherine Polk Failla
Page 2
November 22, 2024

      Mr. DiNardo's e-mail references a "new venture" and "new book" of business, and he states that Mr. Chase "is actively working on over $300M worth of attorney fundings which most of them will close this calendar year." Mr. Chase does not know Mr. DiNardo's intentions in writing these statements other than Mr. DiNardo wanted to renegotiate the Agreement. It appears Mr. DiNardo references Mr. Chase as a leverage point. For his part, Mr. Chase confirms that he did <u>not</u> obtain "$300M worth of attorney fundings."

      Through Request No. 10 in the First Request of LawCash to Dean Chase for Production of Documents, Plaintiff requested "[a]ll documents and communications concerning the 'new venture' and 'new book' of business referred to in the March 28, 2022 e-mail referenced in Paragraph 36 of the Complaint…" In response, Mr. Chase properly objected and advised that he did not author the e-mail.[1] Further, because PSS did not send funding opportunities to Mr. Chase, the Request seeks irrelevant information. Finally, because Mr. Chase did <u>not</u> obtain "$300M worth of attorney fundings," there are <u>no</u> responsive documents to Request No. 10. Mr. Chase has nothing to produce.

      It bears mentioning that Mr. Chase is an individual sued by a corporate plaintiff in the Southern District of New York. By all outward appearances, Plaintiff is intent on making this lawsuit expensive to force Mr. Chase to knuckle under Plaintiff's pressure. Mr. Chase has produced all responsive information and is ready for his deposition. He has no more relevant information to turn over.

      I note that Plaintiff raised this discovery issue late (just one week before Mr. Chase's deposition is set to occur) and is now asking to extend that deposition beyond seven hours. The Court should deny this request. Mr. Chase's deposition should be no more than seven hours.

      We welcome an opportunity for a conference with the Court.

Respectfully submitted,

WOODS OVIATT GILMAN LLP

Brian D. Gwitt
*Please direct responses to Buffalo Office*

BDG/kjh

cc:    (via ECF and e-mail):
       Geoffrey Cajigas, Esq. - gcajigas@fklaw.com

---

[1] The objection was made on September 19, 2024, but Plaintiff did not raise an issue until November 18, 2024.

{9718873: }

The Court is in receipt of Plaintiff's request for a conference regarding its anticipated motion to compel Defendant Chase to produce relevant documents. (Dkt. #94). The Court is also in receipt of Defendant Chase's above response in opposition. (Dkt. #95).

The Court finds that Plaintiff pursues relevant documents through its request for production, which seeks "all documents and communications concerning the 'new venture' and 'new book' of business referred to in the March 28, 2022 email." (Dkt. #94-1 at 8-9). The requested documents are relevant because such documents may speak to Plaintiff's allegations that Defendant Chase sought to build a competing venture in an attempt to undermine the agreement between Plaintiff and Defendant Blue Ocean Partners LLC *d/b/a* Plaintiff Support Services. As such, the Court hereby GRANTS Plaintiff's request to compel the production of these documents.

In granting this request, the Court recognizes that Defendant Chase has stated that he did not obtain "$300M worth of attorney fundings" and that there are "no responsive documents to Request No. 10." (Dkt. #95 at 2). While it may be the case that Defendant Chase does not have responsive documents in his possession, Defendant Chase may not withhold documents and communications that fall within this production request on the basis that he deems such information "irrelevant." (*Id.*).

Finally, the Court hereby DENIES without prejudice to renew Plaintiff's request for additional time to conduct Defendant Chase's deposition. If compliance with this order results in the production of a sufficiently large volume of relevant documents, the Court will consider giving Plaintiff additional time for the deposition. However, the Court refuses to do so at this time, especially when Plaintiff waited until the eleventh hour to bring this dispute to the Court's attention.

The Clerk of Court is directed to terminate the pending motion at docket entry 94.

Dated:   December 2, 2024          SO ORDERED.
         New York, New York

                                   *Katherine Polk Failla*

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE